UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Dipakkumar Baldevbhai Patel, | Case No. 25-cv-3167 (ECT/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kristi Noem, Secretary, U.S. Department of Homeland Security; Mike Stasko, Jail Administrator, Freeborn County Jail, Minnesota, | |
| Defendants. | |

---

Petitioner Dipakkumar Baldevbhai Patel initiated this action by filing a self-styled *Petition for Writ of Habeas Corpus, Writ of Mandamus, and Complaint for Declaratory Judgment, and Injunctive Relief for an Order to Show Cause* ("Petition") (ECF No. 1). Mr. Patel "is a native and citizen of India" (*id.* at 8) who unlawfully entered the United States near El Cenizo, Texas on or about November 24, 2010 (ECF Nos. 11-1, 11-2 at 1). On the day he entered, United States Customs and Border Patrol ("CBP") apprehended him and issued an expedited removal order. (ECF No. 11-1.) Mr. Patel immediately applied for asylum (ECF No. 11-2), but an Asylum Officer denied his application (ECF No. 11-3, 11-4), and an Immigration Judge affirmed the denial (ECF No. 11-5). Mr. Patel posted bond while U.S. Immigration and Customs Enforcement ("ICE") waited for a travel document from India so that it could deport Mr. Patel, and ICE released him from custody on April 19, 2011. (ECF No. 12 at 2-3.) ICE received a travel document for Mr. Patel on July 20, 2012 and ordered him to present himself for deportation on August 16, 2012, but he failed to appear. (*Id.* at 3.) ICE sent another notice to Mr. Patel and ordered him to present himself for deportation, but he again failed to appear. (*Id.*) ICE cancelled Mr. Patel's bond on March 2, 2013. (*Id.*) Mr. Patel

applied for a U-Visa 11 years later.[1]  ICE eventually located Mr. Patel in Hudson, Wisconsin and arrested him on July 30, 2025.  (ECF No. 11-7 at 2.)  He is now "presently detained by [ICE] at the Freeborn County Jail in Albert Lea, Minnesota" (ECF No. 1 at 2) while ICE awaits receipt of a new travel document so it can deport Mr. Patel to India (ECF No. 12 at 3).  ICE Deportation Officer John D. Ligon filed a declaration stating that ICE "believes there is a significant likelihood of removal in the foreseeable future and has conducted removals to India within the past month."  (*Id.*)

Mr. Patel's Petition asks the Court to award injunctive and declaratory relief against Respondents Kristi Noem, Secretary of the Department of Homeland Security, and Mike Stasko, administrator of the Freeborn County Jail.  He asks the Court to: (1.) issue a writ of habeas corpus and "compel [Respondents] to order the Petitioner's release" (ECF No. 1 at 2); (2.) issue a writ of mandamus to require United States Citizenship and Immigration Services ("USCIS") to adjudicate his application for a U-visa, which has been pending since April 2024 (*id.* at 1-2); and (3.) declare Respondents' actions to be unlawful (*id.*).  For the reasons stated below, the Court recommends the Petition be denied.

There are multiple problems with Mr. Patel's Petition.  The first issue is that it improperly aggregates a habeas petition with non-habeas civil claims.  The Third Circuit and courts in this district have rejected this kind of Frankenstein pleading because it unduly broadens the narrow scope of habeas corpus and combines proceedings with incompatible procedural rules.  *See Canada v.*

---

[1] A noncitizen is eligible for a U-Visa upon showing that he: "(1) has suffered substantial physical or mental abuse as a result of having been a victim of certain criminal activity that was in violation of the laws of the United States or occurred within the United States; (2) possesses information about the criminal activity and has been or is likely to be helpful to law enforcement in investigating or prosecuting the criminal activity; and (3) is admissible to the United States or has had all grounds of inadmissibility waived." *Mendoza Mendez v. Shea*, No. 25-cv-2830 (LMP/ECW), slip op. at 3 (D. Minn. August 1, 2025) (citing 8 U.S.C. §§ 1101(a)(15)(U), 1182(a); 8 C.F.R. §§ 214.1(a)(3)(i), 214.14(b)).

*Olmstead County Cmty of Corrs.*, No. 21-CV-2120 (NEB/DTS), 2022 WL 607482, at *8 (D. Minn. Mar. 1, 2022) (collecting District of Minnesota cases); *Burnam v. Marberry*, 313 F. App'x 455, 456 n.2 (3d Cir. 2009). This Court joins these other courts and concludes Mr. Patel's requests for a writ of mandamus and declaratory relief are not properly presented. If Mr. Patel wishes to pursue those forms of relief, he must do so through a separate action.[2]

Furthermore, the Court concludes Mr. Patel's request for habeas relief—in other words, his request for an order requiring Respondents to release him—should be dismissed for lack of subject matter jurisdiction. A federal court may not rule on the merits of a case without first determining that it has subject matter jurisdiction. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 at 430-31 (2007). The Constitution empowers Congress to limit the subject matter jurisdiction of the lower federal courts through statutes. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Using that authority, Congress has proscribed federal district courts from considering "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General[3] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). ICE has detained Mr. Patel in order to execute a removal order against him. (*See* ECF No. 11-7); *see also Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessarily a part of [the] deportation procedure.") Under Section 1252(g), the Court lacks the jurisdiction to review Secretary Noem's decision to execute the removal order.

---

[2] The Court does not intend to imply that any such separate action would be meritorious, and indeed, the Court's concerns regarding subject matter jurisdiction, detailed below, would likely apply with equal force to any such action.

[3] Because this language predates the Department of Homeland Security and ICE, the reference to the Attorney General is now construed as referring to the Secretary of the Department of Homeland Security. *See Silva v. United States*, 866 F.3d 938, 940 n.2 (8th Cir. 2017).

Mr. Patel argues Section 1252(g) does not apply because this case is "not an action to review a removal order but an action challenging the unlawful conduct of DHS in unlawfully arresting, and detaining [Mr. Patel] contrary to his pending adjudication of deferred action under the U visa Program." (ECF No. 1 at 4.) Other petitioners like Mr. Patel have raised similar arguments and failed. *See Mendoza Mendez*, slip op. at 10 (collecting cases).[4] The problem with Mr. Patel's argument is that it is purely a semantic one. Mr. Patel's Petition asserts that his detention is unlawful. (ECF No. 1 at 1.) That detention is a direct result of Secretary Noem's decision to execute a removal order against Mr. Patel. (*See* ECF No. 11-7.) Because Mr. Patel's claim arises directly from a decision to execute a removal order, Section 1252(g) applies. *See Rodriguez-Sosa v. Whitaker*, No. 18-CV-3261 (PAM/KMM), 2018 WL 6727068, at *2 (D. Minn. Dec. 21, 2018); *Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) (concluding district court lacked subject matter jurisdiction because, "[a]lthough the execution of [the] removal order happened to be in violation of a stay, the alien's claims are directly connected to the execution of the removal order.") The Court lacks subject matter jurisdiction to consider Mr. Patel's habeas claim. For all these reasons, the Court recommends that the Petition be denied.[5]

---

[4] The Court further notes that Mr. Patel's application for deferred action under the U-Visa program was denied because he failed to submit the required forms. (ECF No. 11-6.) His basis for asserting that DHS is acting unlawfully thus appears to lack substantive merit.

[5] The Court notes that Mr. Patel filed a Notice of Voluntary Dismissal ("Notice") pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure earlier today, September 12, 2025. (ECF No. 13.) Though this case is styled as a habeas proceeding, Rule 41 may be applied to it. *See Williams v. Clarke*, 82 F.3d 270, 272-73 (8th Cir. 1996) (citing Rule 11 [now Rule 12] of the Rules Governing Section 2254 Proceedings in the United States District Courts); *Thomas v. Payne*, No. 4:20-CV-1079 (BSM/JTK), 2021 WL 2419508, at *2 (E.D. Ark. June 10, 2021). However, Rule 41(a)(1)(A)(i) permits voluntary dismissal only when the opposing party has not yet served either an answer or a motion for summary judgment. Respondents answered the Petition by filing their Response on August 27, 2025. (ECF No. 10.) Mr. Patel's Notice is therefore improper.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Dipakkumar Baldevbhai Patel's *Petition for Writ of Habeas Corpus, Writ of Mandamus, and Complaint for Declaratory Judgment, and Injunctive Relief for an Order to Show Cause* (ECF No. 1) be **DENIED**.

Dated: September 12, 2025          *s/ Dulce J. Foster*
                                    Dulce J. Foster
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).